**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES GREEN, JR.,

Plaintiff,

v. Case No. 8:26-cv-3231-WFJ-AAS

NAPHCARE, INC., *et al.*,

Defendants.
_______________________________________/

**ORDER**

James Green, Jr., a pretrial detainee at the Falkenburg Road Jail, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983, (Doc. 1), and a motion to proceed *in forma pauperis*, (Doc. 2). Mr. Green alleges that, since his arrival at the jail on September 20, 2026, unidentified medical personnel have withheld "medications" from him despite "multiple sick calls and a medical grievance." (Doc. 1 at 5). Mr. Green does not identify the withheld medications, nor does he describe his medical conditions. (*Id.*) Based on these alleged constitutional violations, Mr. Green sues Naphcare, Inc. (the private entity that provides medical care at the jail), Sheriff Chad Chronister, Dr. Ogaga, and a "provider" named Alex Salinas. (*Id.* at 2-3).

Upon review, *see* 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed without prejudice for failure to state a claim. First, to the extent that Mr. Green sues Sheriff Chronister in his individual capacity, the claim fails because there are no allegations that he "personally participate[d] in the alleged unconstitutional conduct," nor

is there any allegation of "a causal connection between [his] actions . . . and the alleged constitutional deprivation." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). To the extent that Mr. Green sues Sheriff Chronister in his official capacity, the claim fails because nothing in the complaint suggests that the alleged denial of medication resulted from "a custom or policy" of Hillsborough County. *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); *see also Baysa v. Gualtieri*, 786 F. App'x 941, 947 (11th Cir. 2019) (noting that a claim "against the Sheriff in his official capacity" "is functionally a suit against the municipality[] . . . as a whole").

Second, Mr. Green fails to state a claim against Naphcare, the medical provider at the jail. Naphcare is considered a municipality because it "performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Municipalities can be liable under § 1983 only if "the alleged constitutional harm is the result of a custom or policy." *Brennan*, 807 F. App'x at 937. Mr. Green alleges no facts showing that Naphcare "advanced a policy or custom of deliberate indifference that led to the violation of [his] constitutional right[s]." *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) (internal quotation marks omitted).

Third, Mr. Green fails to plead that Dr. Ogaga or Mr. Salinas played any role in the events described in the complaint. Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such a "causal connection" may be established by showing that "the official was personally involved in the acts that resulted in the constitutional deprivation." *Id.* This means that "a plaintiff must

plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). Mr. Green alleges no facts connecting Dr. Ogaga or Mr. Salinas to the alleged denial of medication. Indeed, the complaint contains no allegations whatsoever about their conduct. Thus, Mr. Green fails to state a claim against Dr. Ogaga or Mr. Salinas. *See, e.g.*, *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980))).

Lastly, Mr. Green fails to state a plausible claim for deliberate indifference to serious medical needs. To plead such a claim, a plaintiff must allege facts showing "(1) that he had an objectively serious medical need, (2) that [the defendant] acted with subjective deliberate indifference to [that] serious medical need, and (3) that he suffered an injury . . . caused by [the defendant's] wrongful conduct." *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019). Here, Mr. Green identifies neither the medications allegedly withheld nor the conditions they treat. Thus, he fails to allege facts sufficient to show that he suffered from "an objectively serious medical need." *Patel*, 969 F.3d at 1188; *see also Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (affirming dismissal of

deliberate-indifference claim for denial of medication where plaintiff "fail[ed] to specify" his "medical condition").

Accordingly, it is **ORDERED** that:

1. This action is **DISMISSED without prejudice**. Mr. Green's motion to proceed *in forma pauperis*, (Doc. 2), is **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

2. If he wishes to pursue his allegations, Mr. Green may file a new complaint in a new case, including sufficient factual matter to state a claim against a proper defendant.

**DONE** and **ORDERED** in Tampa, Florida, on October 28, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**